OPINION JUDGMENT ENTRY
{¶ 1} Appellant Russell A. Moses appeals his marijuana and drug paraphernalia possession conviction in the Canton Municipal Court, Stark County. The relevant facts leading to this appeal are as follows.
 {¶ 2} On July 9, 2003, appellant's neighbor, Kevin Howard, was working in his yard at 133 Park Avenue SW in Canton. At about 6 P.M. that day, Christina Hupp, Cassandra Lewis, and another individual allegedly cut across an area of Howard's yard, where he had just planted grass seed, to get to appellant's house. Howard asked the three individuals not to walk through the area. A few minutes later, a verbal altercation ensued between Howard and appellant, resulting in appellant threatening Howard and his father with what the two men believed to be a handgun. Police were summoned, and upon their arrival appellant's live-in girlfriend, Dea Hupp, gave the officers permission to search appellant's residence. Dea identified one of the rooms as appellant's bedroom. The officers therein found a .45 caliber semiautomatic handgun, an assortment of approximately twenty-one other weapons, ammunition, a small bag of marijuana, and drug paraphernalia.
 {¶ 3} Appellant was charged with two counts of aggravated menacing, one count of marijuana possession, and one count of possession of drug paraphernalia. The matter proceeded to a jury trial on September 29, 2003. Appellant was acquitted on the aggravated menacing charges, but was found guilty of possession of marijuana and possession of drug paraphernalia. On September 30, 2003, appellant was sentenced to thirty days in jail, with all but three days suspended, on each count. Appellant was also fined $300 and ordered to pay court costs. Additionally, the court suspended his driver's license for 180 days.
 {¶ 4} Appellant filed a notice of appeal on October 30, 2003, and herein raises the following sole Assignment of Error:
 {¶ 5} "I. The Appellant's conviction was against the manifest weight of the evidence."
 {¶ 6} In his sole Assignment of Error, appellant contends his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 7} In considering an appeal concerning the manifest weight of the evidence, our standard is as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717. See also, State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175,485 N.E.2d 717.
 {¶ 8} Appellant chiefly contends that the only evidence linking appellant to the marijuana and the drug paraphernalia was the testimony of Canton Police Officer Peter Lile, who stated that appellant's girlfriend, Dea Hupp,[1] identified the bedroom as appellant's. Tr. at 63, 65. Lile recalled that Dea told him "nobody else goes in that room, nobody." Tr. at 63. Appellant challenges the possessory nature of the bedroom by noting (1) women's underwear garments were found in the room (Tr. at 65), (2) Dea, on the stand, denied making statements identifying the room (Tr. at 101), and (3) Dea arguably would nevertheless have had her own interest in disconnecting herself from any contraband items in the house.
 {¶ 9} To establish constructive possession of illegal drugs, the evidence must prove that the defendant was able to exercise dominion and control over the contraband State v. Wolery
(1976), 46 Ohio St.2d 316, 332, 348 N.E.2d 351. Dominion and control may be proven by circumstantial evidence alone. State v.Trembly (2000), 137 Ohio App.3d 134, 738 N.E.2d 93. Circumstantial evidence that a defendant was located in very close proximity to readily usable drugs may show constructive possession. State v. Barr (1993), 86 Ohio App.3d 227, 235,620 N.E.2d 242, 247-248. Having reviewed the record in the case of sub judice, we are unpersuaded by appellant's contention that the jury's possession verdicts led to a manifest miscarriage of justice. As we have noted, Officer Lile testified as to what Dea Hupp informed him about the bedroom, which contained the dresser holding appellant's handgun. It was on this dresser that the marijuana and drug paraphernalia were found. Tr. at 58. Appellant also admitted at trial that he had left some of his extra bullets on the bed in the room in question that day, further allowing the inference that the bedroom was his own. See Tr. at 115.[2]
As we have often emphasized, the trier of fact, as opposed to this Court, is in a far better position to weigh the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212. Furthermore, a jury is free to believe all, part, or none of the testimony of each witness who appeared before it.State v. Caldwell (1992), 79 Ohio App.3d 667. We conclude the jury's verdict was not against the manifest weight of the evidence.
 {¶ 10} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 11} For the reasons stated in the foregoing opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is hereby affirmed.
Wise, J., Gwin, P.J., and Boggins, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed. Costs to appellant.
[1] Appellant referred to Dea as his common-law wife. Tr. at 117.
[2] We note appellant took the stand in his defense, but when the prosecutor asked him on cross-examination about the marijuana, he sought to invoke the Fifth Amendment. The prosecutor apparently decided to move on to another question at that point. See Tr. at 116-117.