OPINION
{¶ 1} Defendant-appellant Allen Trent appeals from his conviction and sentence in the Stark County Court of Common Pleas on one count of possession of cocaine, a felony of the second degree in violation of R.C. 2925.11. Plaintiff-appellee is the State of Ohio.
 {¶ 2} On June 11, 2004, officers with the Adult Parole Authority (APA) conducted a parole search at the Stark Metropolitan Housing Authority (SMHA) residence located at 1802 Regent N.E., Apt. C, City of Canton, Stark County, Ohio. The residence was leased to Bilon Dixon (Bilon). Before conducting the parole search, the APA had information that appellant was not living at the address he gave the APA. Officers had information that appellant, a parolee, was staying at that residence. Appellant was on parole via an interstate compact with Michigan and was being supervised in Stark County.
 {¶ 3} At approximately 7:30 a.m., APA officers Terry Price (Price) Steve Doss (Doss), and Dawn Porter (Porter) went to the apartment with SMHA security officers Paul Kelly (Kelly), and Kirk Shewning (Shewning). Bilon gave officers consent to enter and search the apartment.
 {¶ 4} When officers entered the apartment they found appellant in bed with a female named Tawanna Dickson (Tawanna). Appellant was immediately handcuffed and secured by Doss. On the floor of the bedroom, Price located a bag that contained crack-cocaine, a "do-rag" and hair-care products commonly used by African-American males. Appellant was the only African-American male in the residence at the time. The "do-rag" was similar to those appellant often wore to Porter's office.
 {¶ 5} The parole officers called for assistance from Detective Joseph Mongold (Mongold) with the Canton Police Department Criminal Intelligence Vice Unit. When he arrived Mongold learned Price and Doss had found crack-cocaine in the close proximity to appellant. When Mongold spoke with appellant, appellant denied the crack was his.
 {¶ 6} In addition to the crack-cocaine that was found near appellant, officers located more crack-cocaine at a different bedroom. The second bedroom was identified as Bilon's bedroom.
 {¶ 7} When Kelly advised Bilon that they had found drugs in her apartment and that SMHA intended to pursue an eviction, Bilon denied the cocaine was hers. Bilon, however, did admit to the ownership of some marijuana the officers had found. While Kelly spoke with Bilon, appellant interjected and stated in pertinent part, "Hold on * * * this ain't none of her shit * * * all this shit here is mine." Despite his admission to possessing the crack-cocaine, appellant denied that the marijuana was his. Both Kelly and Shewning were present when appellant made this unsolicited admission.
 {¶ 8} On July 12, 2005, appellant was indicted by the Stark County Grand Jury for one count of possession of cocaine in violation of R.C. 2925.011 (A)(C)(4)(d), a felony of the second degree. At the conclusion of the jury trial appellant was found guilty as charged. The trial court sentenced appellant to serve a mandatory seven year prison term, pay a mandatory fine of $7,500 and further suspended his driver's license. Appellant timely appealed and submits the following two assignments of error for our consideration:
 {¶ 9} "I. THE TRIAL COURT ERRED IN ALLOWING OTHER ACTS EVIDENCE IN VIOLATION OF EVIDENCE RULE 404 (B) THEREBY DENYING APPELLANT A FAIR TRIAL.
 {¶ 10} "II. THE JURY VERDICT FINDING APPELLANT GUILTY OF POSSESSION OF COCAINE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION."
 I. {¶ 11} In his First Assignment of Error, appellant maintains that the trial court erred in allowing other acts evidence in violation of Evid. R. 404(B). We disagree.
 {¶ 12} Evid. R. 404(B) states: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." In State v. Broom
(1988), 40 Ohio St.3d 277, 533 N.E.2d 682, the Supreme Court held in addition to those reasons listed in the Rule, evidence of other bad acts may be admissible to prove identity. However, because Evid. R. 404(B), and R.C. 2945.59, codify an exception to the common law with respect to evidence of other acts of wrongdoing, they must be construed against admissibility, and the standard for determining admissibility of such evidence is strict, Broom, syllabus by the court, paragraph 1.
 {¶ 13} Generally, a law enforcement officer is permitted to testify as to the underlying reasons for his conduct, even if that testimony includes statements made by a third party. Statev. Thomas (1980), 61 Ohio St.2d 223, 232. In State v. Blevins
(1987), 36 Ohio App.3d 147, the Tenth Appellate District set forth the test for the admissibility of such testimony: "[t]he conduct to be explained should be relevant, equivocal and contemporaneous with the statements. * * * Additionally, such statements must meet the standard of Evid.R. 403(A)." Evid.R. 403(A) states that "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."
 {¶ 14} Upon consideration of the above law and the facts in the case sub judice, this court finds that in one instance the prosecution elicited statements that went beyond what was necessary to establish a foundation for the officer's subsequent actions. As in Blevins, the statement of which appellant complains "clearly [went] to an element of the offense, and * * * should have been excluded."
 {¶ 15} Specifically, Terrance Price, the supervisor of the Adult Parole Authority, testified that "we had been getting information that appellant was involved in trafficking." (1T. at 174-76). However, it was unnecessary for him to state that "appellant was involved in trafficking" in order to explain the course of his investigation. Mr. Price had previously testified that appellant was on probation and the Adult Parole Authority had received information that appellant was not at the address he had given his probation officer, but was currently at the address where the arrest occurred. (Id. at 174, 179, 180). Mr. Price's statement that "appellant was involved in trafficking" was unnecessary to explain why the officers were at the apartment searching for appellant. The statement that "appellant was involved in trafficking" does not make it any more or less probable that appellant possessed crack cocaine on the date in question. Further, that statement is of no specific probative value, while being significantly prejudicial to appellant. Therefore, we agree with appellant that the statement was improperly admitted into evidence. State v. Turner (Nov. 2, 2001), 11th Dist. No. 2000-T-0074; State v. Oliver (June 5, 1998), 6th Dist. No. L-96-298.
 {¶ 16} However, the admission of prior bad acts is deemed harmless unless there is some reasonable probability the evidence contributed to the accused's conviction, City of Columbus v.Taylor (1988), 39 Ohio St.3d 162, 529 N.E.2d 1382.
 {¶ 17} We have reviewed the record, and, as more fully set forth in our disposition of appellant's manifest weight claim, infra, we find there is no reasonable probability this evidence actually contributed to the accused conviction. The trial court did give the jury a cautionary instruction at the time the testimony was first elicited. (1T. at 177-78).
 {¶ 18} The second statement to which appellant assigns error, is simply a generalized statement that appellant was "involved in negative or illegal activity." (Id. at 198). The evidence offered to explain the police investigation was not unfairly prejudicial. Unlike the previous statement, this statement did not suggest appellant was the focus of a drug investigation. The statement was offered merely to explain police investigative behavior.State v. Bailey, 8th Dist. No. 81498, 2003-Ohio-1834 at ¶ 27-28. We find this testimony satisfies the requirements ofBlevins and Thomas. The trial court did not err in admitting this testimony.
 {¶ 19} Appellant's First Assignment of Error is overruled.
 II. {¶ 20} Appellant in his Second Assignment of Error claims his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 21} Manifest weight of the evidence claims concern the amount of evidence offered in support of one side of the case, and is a jury question. We must determine whether the jury, in interpreting the facts, so lost its way that its verdict results in a manifest miscarriage of justice, State v. Thompkins
(1997), 78 Ohio St. 3d 387, citations omitted. On review for manifest weight, a reviewing court is "to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment."State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Statev. DeHass (1967), 10 Ohio St.2d 230, syllabus 1. In SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 81,461 N.E.2d 1273, the Ohio Supreme Court explained: "[a] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." See, also Statev. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 22} In State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541, the Ohio Supreme Court held "[t]o reverse a judgment of a trial court on the basis that the judgment is not sustained by sufficient evidence, only a concurring majority of a panel of a court of appeals reviewing the judgment is necessary." Id., paragraph three of the syllabus. However, to "reverse a judgment of a trial court on the weight of the evidence, when the judgment results from a trial by jury, a unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required." Id., paragraph four of the syllabus; State v. Miller
(2002), 96 Ohio St.3d 384, 2002-Ohio4-931 at ¶ 38,775 N.E.2d 498.
 {¶ 23} Appellant was convicted of possession of crack cocaine in violation of R.C. 2925.11(A), which states: "(A) No person shall knowingly obtain, possess, or use a controlled substance." The culpable mental state of "knowingly" is defined as follows: "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
 {¶ 24} Whether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the doing of the act itself." State v. Huff (2001), 145 Ohio App.3d 555, 563,763 N.E.2d 695. (Footnote omitted.) Thus, "[t]he test for whether a defendant acted knowingly is a subjective one, but it is decided on objective criteria." State v. McDaniel (May 1, 1998), Montgomery App. No. 16221, (citing State v. Elliott
(1995), 104 Ohio App.3d 812, 663 N.E.2d 412).
 {¶ 25} R.C. 2925.01(K) defines possession as follows: "`Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C.2901.21 provides the requirements for criminal liability and provides that possession is a "voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for sufficient time to have ended possession." R.C. 2901.21(D) (1).
 {¶ 26} Possession may be actual or constructive. State v.Haynes (1971), 25 Ohio St.2d 264, 267 N.E.2d 787; State v.Hankerson (1982), 70 Ohio St.2d 87, 434 N.E.2d 1362, syllabus. To establish constructive possession, the evidence must prove that the defendant was able to exercise dominion and control over the contraband. State v. Wolery (1976), 46 Ohio St.2d 316, 332,348 N.E.2d 351. Dominion and control may be proven by circumstantial evidence alone. State v. Trembly,137 Ohio App.3d 134, 738 N.E.2d 93. Circumstantial evidence that the defendant was located in very close proximity to readily usable drugs may show constructive possession. State v. Barr (1993),86 Ohio App.3d 227, 235, 620 N.E.2d 242, 247-248; State v.Morales, 5th Dist. No. 2004 CA 68, 2005-Ohio-4714 at ¶ 50;State v. Moses, 5th Dist. No. 2003CA00384, 2004-Ohio-4943 at ¶ 9. Ownership of the drugs need not be established for constructive possession. State v. Smith, 9th Dist. No. 20885, 2002-Ohio-3034, at ¶ 13, citing State v. Mann, (1993)93 Ohio App.3d 301, 308, 638 N.E.2d 585. Furthermore, possession may be individual or joint. Wolery, 46 Ohio St.2d at 332,348 N.E.2d 351.
 {¶ 27} If the State relies on circumstantial evidence to prove an essential element of an offense, it is not necessary for "`such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction.'" State v. Jenks
(1991), 61 Ohio St.3d 259, 272, 574 N.E.2d 492 at paragraph one of the syllabus. "`Circumstantial evidence and direct evidence inherently possess the same probative value [.]'" Jenks, 61 Ohio St.3d at paragraph one of the syllabus. Furthermore, "`[s]ince circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the jury is that i[t] weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt.'" Jenks, 61 Ohio St.3d at 272,574 N.E.2d 492. While inferences cannot be based on inferences, a number of conclusions can result from the same set of facts. State v.Lott (1990), 51 Ohio St.3d 160, 168, 555 N.E.2d 293, citingHurt v. Charles J. Rogers Transp. Co. (1955), 164 Ohio St. 329,331, 130 N.E.2d 820. Moreover, a series of facts and circumstances can be employed by a jury as the basis for its ultimate conclusions in a case. Lott, 51 Ohio St.3d at 168,555 N.E.2d 293, citing Hurt, 164 Ohio St. at 331, 130 N.E.2d 820.
 {¶ 28} During its case-in-chief, the State presented the testimony that appellant and a female were found in an upstairs east bedroom. (T. at 200-201; 207; 262). Located on the floor of that room was a grey plastic bag containing crack cocaine, a "do-rag", male grooming products and a comb. (Id. at 145; 182-83; 209-10). Appellant was the only male in the home at the time the drugs were discovered. (Id. 186; 211). The female in the bedroom with appellant denied the drugs were hers. (Id. at 185). Crack cocaine was also found in the second bedroom. (Id. at 220). A quantity of marihuana was located in the living room. (Id. at 150; 224). Two witnesses testified that appellant admitted that the drugs belonged to him. (Id. at 225-26; 279-81).
 {¶ 29} Upon a careful review of the record and upon viewing the direct and circumstantial evidence in the light most favorable to the prosecution, this Court cannot conclude that the jury lost its way and created a manifest miscarriage of justice when it found appellant guilty of possession of crack cocaine. A reasonable juror could have found that, at the least, appellant had dominion and control over and constructive possession of the grey plastic bag containing the drugs, and that he had knowledge of the marijuana and other drugs found inside the house. SeeHankerson, 70 Ohio St.2d at syllabus. The State had presented evidence that appellant was in close proximity to the grey plastic bag and thus could have exercised dominion and control over it. See, e.g., State v. King (Sept. 18, 1996), 9th Dist. No. 95CA006173. The arguments that appellant may have not owned or resided at the residence, and that the drugs and other items found may not have actually belonged to him, are ultimately inconsequential. See Smith at ¶ 13. See, e.g., State v.Grundy (Dec. 9, 1998), 9th Dist. No. 19016, citing State v.Johnson (July 11, 1990), 9th Dist. No. 14371. Accordingly, we find that appellant's convictions for possession of cocaine was not against the manifest weight of the evidence.
 {¶ 30} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.
Gwin, P.J., and Wise, J., concur;
Hoffman, J., concurs separately