OPINION *Page 2 
{¶ 1} Defendant-appellant Chester Stewart appeals his sentence and conviction entered in the Stark County Court of Common Pleas on one count of Possession of Cocaine, a felony of the fifth degree.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On or about November 22, 2006, Appellant Chester Stewart was arrested on an outstanding warrant by the Canton Police Department and transported to the Stark County Jail to be housed. (T. at 91).
 {¶ 4} Appellant was first taken to a pre-booking area and then to the transfer cell area. (T. at 87). Appellant was processed through booking by Corrections Officer Downs and Deputy Hostetler. Downs placed Appellant in a transfer cell and patted him down twice: once while Stewart was still cuffed and once after the cuffs were removed. While Downs was doing the second pat down, he noticed what appeared to be crack cocaine on the floor beside Stewart's right foot. Downs collected the cocaine and gave it to Hostetler and Hostetler put it in an evidence envelope. The Corrections Officer testified that the area had been swept five minutes before Appellant entered the room and that Appellant was the only person to come into that area after sweeping. (T. at 88).
 {¶ 5} Appellant claimed he did not have cocaine in his possession when he entered the Stark County jail. He further claimed that he had already been booked, placed in a cell and had fallen asleep before jail personnel questioned him about any crack cocaine. *Page 3 
 {¶ 6} On January 8, 2007, the Stark County Grand Jury indicted Chester Stewart on one count of possession of cocaine.
 {¶ 7} Appellant entered a plea of not guilty and his case was assigned to Judge John Boggins in the Stark County Court of Common Pleas.
 {¶ 8} Prior to trial, Appellant and the State of Ohio stipulated that the drug in question had tested positive for crack cocaine.
 {¶ 9} On March 20, 2007, the matter proceeded to jury trial. At trial, the State presented two witnesses; Corrections Officer Brandon Downs and Deputy Timothy Hostetler, both of the Stark County Sheriffs Department.
 {¶ 10} Appellant took the stand in his own defense and presented one witness, Officer Jeff Hothem of the Canton Police Department. Officer Hothem testified that he did not remember anything about Appellant's arrest, other than it was a routine warrant arrest.
 {¶ 11} Appellant was found guilty as charged and sentenced to ten (10) months incarceration.
 {¶ 12} Appellant now appeals his conviction and sentence, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 13} "I. THE TRIAL COURT'S FINDING OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE." *Page 4 
 I. {¶ 14} In his sole assignment of error, Appellant argues that his conviction was against the manifest weight of the evidence and was not supported by sufficient evidence. We disagree.
 {¶ 15} In State v. Jenks (1981), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
 {¶ 16} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, 678 N.E.2d 541, citing State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily *Page 5 
for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, syllabus 1.
 {¶ 17} As is stated above, Appellant was convicted of possession of cocaine in violation of R.C. § 2925.11(A)(C)(4)(a), which provides:
 {¶ 18} "(A) No person shall knowingly obtain, possess, or use a controlled substance.
 {¶ 19} "* * *
 {¶ 20} "(C) Whoever violates division (A) of this section is guilty of one of the following:
 {¶ 21} "* * *
 {¶ 22} "(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows:
 {¶ 23} "(a) Except as otherwise provided in division (C)(4)(b), (c), (d), (e), or (f) of this section, possession of cocaine is a felony of the fifth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender."
 {¶ 24} Appellant specifically contends that his conviction for possession of cocaine was against the manifest weight and sufficiency of the evidence because there were no witnesses who saw Appellant in possession of the cocaine.
 {¶ 25} R.C. § 2925.01(K) defines possession as follows: `Possess' or `possession' means having control over a thing or substance, but may not be inferred solely from *Page 6 
mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
 {¶ 26} Possession may be actual or constructive. State v. Haynes
(1971), 25 Ohio St.2d 264, 267 N.E.2d 787; State v. Hankerson (1982),70 Ohio St.2d 87, 434 N.E.2d 1362, syllabus. To establish constructive possession, the evidence must prove that the defendant was able to exercise dominion and control over the contraband. State v. Wolery
(1976), 46 Ohio St.2d 316, 332, 348 N.E.2d 351. Dominion and control may be proven by circumstantial evidence alone. State v. Trembly,137 Ohio App.3d 134, 738 N.E.2d 93. Circumstantial evidence that the defendant was located in very close proximity to readily usable drugs may show constructive possession. State v. Barr (1993), 86 Ohio App.3d 227, 235,620 N .E.2d 242, 247-248; State v. Morales, 5th Dist. No. 2004 CA 68,2005-Ohio-4714 at ¶ 50; State v. Moses, 5th Dist. No. 2003CA00384,2004-Ohio-4943 at ¶ 9. Ownership of the drugs need not be established for constructive possession. State v. Smith, 9th Dist. No. 20885, 2002-Ohio-3034, at ¶ 13, citing State v. Mann, (1993)93 Ohio App.3d 301, 308, 638 N.E.2d 585. Furthermore, possession may be individual or joint. Wolery, 46 Ohio St.2d at 332, 348 N.E.2d 351.
 {¶ 27} If the State relies on circumstantial evidence to prove an essential element of an offense, it is not necessary for "such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction." State v. Jenks (1991), 61 Ohio St.3d 259, 272,574 N.E.2d 492 at paragraph one of the syllabus. "Circumstantial evidence and direct evidence inherently possess the same probative value [.]" Jenks, 61 Ohio St.3d at paragraph one of the syllabus. Furthermore, "[s]ince circumstantial evidence and direct evidence are indistinguishable so far as the jury's *Page 7 
fact-finding function is concerned, all that is required of the jury is that i[t] weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt." Jenks,61 Ohio St.3d at 272, 574 N.E.2d 492. While inferences cannot be based on inferences, a number of conclusions can result from the same set of facts. State v.Lott (1990), 51 Ohio St.3d 160, 168, 555 N.E.2d 293, citing Hurt v.Charles J. Rogers Transp. Co. (1955), 164 Ohio St. 329, 331,130 N.E.2d 820. Moreover, a series of facts and circumstances can be employed by a jury as the basis for its ultimate conclusions in a case. Lott,51 Ohio St.3d at 168, 555 N.E.2d 293, citing Hurt, 164 Ohio St. at 331,130 N.E.2d 820.
 {¶ 28} Upon our review of the record, we find Appellant's conviction for possession of cocaine was not against the sufficiency of the evidence because, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that appellant knowingly possessed cocaine. Testimony was adduced at trial by both Deputy Downs and Deputy Hostetler that the transfer cell had been cleaned and swept just prior to Appellant being brought into said cell. (T. at 97, 100). Deputy Downs testified there was no cocaine on the floor prior to his pat-down search of Appellant. (T. at 93). He stated that he observed the cocaine on the floor, inches from Appellant's right foot, as he was completing his second pat-down search of Appellant. Id.
 {¶ 29} Additionally, Officer Hostetler testified that no one else was brought through the transfer cell area between the time it was swept and the time Appellant arrived. (T. at 101). *Page 8 
 {¶ 30} While the jury also heard testimony from Appellant denying that said cocaine was his, the jury apparently chose to believe the testimony of the deputies.
 {¶ 31} This Court must afford the decision of the trier of fact concerning credibility issues the appropriate deference. We will not substitute our judgment for that of the trier of fact on the issue of witness credibility unless it is patently clear that the fact finder lost its way. State v. Parks, 3rd Dist. No. 15-03-16, 2004-Ohio-4023, at ¶ 13, citing State v. Twitty, 2nd Dist. No. 18749, 2002-Ohio-5595, at ¶ 114.
 {¶ 32} Based upon the testimony set forth above, we find that, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that Appellant was in possession of cocaine.
 {¶ 33} Moreover, upon review of the record, this Court cannot conclude that the jury lost its way and created a manifest miscarriage of justice when it found Appellant guilty of possession of cocaine.
 {¶ 34} Accordingly, we hereby overrule Appellant's assignment of error.
 {¶ 35} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Wise, J. Gwin, P. J., and Edwards, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs assessed to Appellant. *Page 1