[Cite as *State v. Shipman*, 2012-Ohio-2877.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|                          |   | JUDGES:                    |
|--------------------------|---|----------------------------|
| STATE OF OHIO            | : | Patricia A. Delaney, P.J.  |
|                          | : | John W. Wise, J.           |
| Plaintiff-Appellee       | : | Julie A. Edwards, J.       |
|                          | : |                            |
| -vs-                     | : | Case No. 2011CA00202       |
|                          | : |                            |
|                          | : |                            |
| JUSTIN SHIPMAN           | : | O P I N I O N              |
|                          |   |                            |
| Defendant-Appellant      |   |                            |



CHARACTER OF PROCEEDING:             Criminal Appeal from Stark County
                                     Court of Common Pleas Case No.
                                     2011CR0756

JUDGMENT:                            Affirmed

DATE OF JUDGMENT ENTRY:              June 25, 2012

APPEARANCES:

For Plaintiff-Appellee               For Defendant-Appellant

JOHN D. FERRERO                      JACOB T. WILL
Prosecuting Attorney                 116 Cleveland Avenue, N.W.
Stark County, Ohio                   808 Courtyard Centre
                                     Canton, Ohio  44702

BY: RONALD MARK CALDWELL
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio  44702-1413

*Edwards, J.*

{¶1} Appellant, Justin Shipman, appeals a judgment of the Stark County Common Pleas Court convicting him of possession of cocaine as a third degree felony (R.C. 2925.11(A), R.C. 2925.11(C)(4)(c)) and possession of marijuana as a minor misdemeanor (R.C. 2925.11(A), R.C. 2925.11(C)(3)(a)) and sentencing him to three years incarceration. Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2} During the evening hours of May 25, 2011, Canton police officer and canine handler Christopher Heslop was on routine patrol in his cruiser with his canine partner, Zeke. While patrolling a high-crime, high-drug area of Canton, he observed a BMW blow by a stop sign and race by his cruiser. He activated his lights and siren and pursued the vehicle. The vehicle stopped in a parking lot at an apartment complex and the occupants fled on foot.

{¶3} Heslop checked the license plates of the BMW and discovered that they were dealer's plates. He approached the car with his dog so the dog could pick up a scent and track the occupants. Heslop drew his gun, which had a tactical flashlight attached to the barrel, allowing the officer to hold it in one hand and his dog's leash in the other hand. Zeke began tracking away from the car and toward the apartment complex.

{¶4} While moving through the complex, Heslop noticed appellant standing by a parked car, dressed only in a pair of jeans. Concerned for his safety, because he could not see appellant's hands, he ordered appellant to walk slowly toward him with his

hands visible. Appellant moved to the front of the vehicle while Heslop trained his flashlight on appellant.

{¶5} Heslop paid close attention to appellant's hands in case he had a weapon. Heslop saw appellant remove something from his front pants pocket and drop it on the blacktop. The item attracted Heslop's attention as it appeared to be a baggie with a large object inside. Heslop ordered appellant to the ground. He called for backup because he could not handcuff appellant while handling Zeke, who became aggressive when anyone got near Heslop.

{¶6} Officer Mark Diels arrived on the scene in response to Heslop's call for backup. He handcuffed appellant, searched appellant incident to arrest, and found a baggie containing a small amount of marijuana in his pants pocket. After appellant was secured, Heslop went to find what appellant had dropped earlier. Heslop found a clear plastic baggie containing a large rock of crack cocaine, weighing just under seven grams. The baggie was found where Heslop saw appellant drop something and was laying by appellant's legs after Heslop ordered him to the ground. The baggie of crack was the only item on the ground in the area.

{¶7} Appellant was indicted by the Stark County Grand Jury with one count of cocaine possession and one count of marijuana possession. The case proceeded to a jury trial in the Stark County Common Pleas Court.

{¶8} On the second day of trial, after jury selection but prior to opening statements, appellant entered a plea of guilty to the charge of possession of marijuana. The case proceeded to trial on the possession of cocaine charge.

{¶9}    At trial, appellant's girlfriend Starla Mitchell testified that appellant was sleeping on her couch when she saw a police cruiser go by.  He left her apartment and stopped outside to talk to her son, Colin, who was seated in the passenger seat of a car parked in the parking lot.  She watched the encounter between Heslop and appellant and testified that appellant did not drop anything from his pocket to the blacktop.  Colin Mitchell also testified that appellant did not drop anything during the encounter with Heslop.

{¶10} Appellant was convicted on both charges.  He was sentenced to a mandatory term of three years incarceration for possession of cocaine and fined $100 on the minor misdemeanor marijuana charge.  He assigns two errors on appeal:

{¶11} "I.  THE APPELLANT'S CONVICTION FOR ONE COUNT OF POSSESSION OF COCAINE IN VIOLATION OF R.C. 2925.11 WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

{¶12} "II. THE APPELLANT IS ENTITLED TO A NEW SENTENCING HEARING BASED ON RECENT CHANGES IN THE LAW REGARDING SENTENCING AND THE DEGREE OF THE CHARGE."

I

{¶13} Appellant argues that the judgment convicting him of possession of cocaine is against the manifest weight and sufficiency of the evidence.

{¶14} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly

lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

**{¶15}** An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

**{¶16}** Possession of cocaine is defined by R.C. 2925.11(A), which states, "No person shall knowingly obtain, possess, or use a controlled substance."

**{¶17}** Appellant concedes that the substance in the baggie was cocaine. However, he argues that the evidence did not demonstrate that he possessed the baggie of crack cocaine.

**{¶18}** Possession may be actual or constructive. *State v. Haynes*, 25 Ohio St.2d 264, 267 N.E.2d 787 (1971); *State v. Hankerson*, 70 Ohio St.2d 87, 434 N.E.2d 1362, syllabus (1982). To establish constructive possession, the evidence must prove that the defendant was able to exercise dominion and control over the contraband. *State v. Wolery* , 46 Ohio St.2d 316, 332, 348 N.E.2d 351(1976). Dominion and control may be proven by circumstantial evidence alone. *State v. Trembly,* 137 Ohio App.3d 134, 738 N.E.2d 93(2000). Circumstantial evidence that the defendant was located in very close proximity to readily usable drugs may show constructive possession.  *State v. Morales,*

5th Dist. No. 2004 CA 68, 2005-Ohio-4714 at ¶ 50; *State v. Moses,* 5th Dist. No. 2003CA00384, 2004-Ohio-4943 at ¶ 9.

{¶19} The testimony of Heslop, if believed by the jury, is sufficient to support a finding that appellant possessed the crack cocaine. Heslop testified that he saw appellant remove an item from his pants pocket and drop it to the ground. Appellant was immediately ordered to the ground. The only item Heslop found in the area where appellant dropped the item was the baggie of crack cocaine. Heslop had his flashlight trained on appellant and was watching his hands closely because he was concerned about whether appellant had a weapon. Heslop's testimony was sufficient, if believed by the jury, to support a finding that appellant possessed the baggie of cocaine.

{¶20} Further, the judgment is not against the manifest weight of the evidence. The jury did not lose its way in believing the testimony of Heslop over that of appellant's girlfriend and her son. Heslop testified that in addition to his flashlight, there were streetlights and porch lights in the area, and he saw appellant take the baggie out of his pocket and drop it straight to the ground. The baggie was located near appellant's legs after Heslop ordered appellant to the ground while he awaited backup and was the only item in the area when Heslop retrieved it after Diels handcuffed appellant.

{¶21} The first assignment of error is overruled.

II

{¶22} Appellant argues that he should be resentenced under the new felony sentencing provisions of House Bill 86. He argues that under the new law, he would have been guilty of a fourth degree felony, rather than a third degree felony, and would be subject to a community control sanction rather than a prison term.

**{¶23}** The effective date of House Bill 86 was September 30, 2011. Appellant was sentenced on August 31, 2011, pursuant to the law in effect on the date on which he was sentenced.

**{¶24}** Section 3 of House Bill 86 provides:

**{¶25}** "SECTION 3. The amendments to sections 2925.01, 2925.03, 2925.05, and 2925.11 of the Revised Code, and to division (W) of section 2929.01 of the Revised Code, that are made in this act apply to a person who commits an offense involving marihuana, cocaine, or hashish on or after the effective date of this act and to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable.

**{¶26}** "The provisions of sections 2925.01, 2925.03, 2925.05, and 2925.11 of the Revised code, and of division (W) of section 2929.01 of the Revised Code, in existence prior to the effective date of this act shall apply to a person upon whom a court imposed sentence prior to the effective date of this act for an offense involving marihuana, cocaine, or hashish. The amendments to sections 2925.01, 2925.03, 2925.05, and 2925.11 of the Revised Code, and to division (W) of section 2929.01 of the Revised Code, that are made in this act do not apply to a person upon whom a court imposed sentence prior to the effective date of this act for an offense involving marihuana, cocaine, or hashish."

**{¶27}** Based on this language, it is clear that the bill was not meant to apply retroactively, and the trial court correctly sentenced appellant according to the law in effect at the time he was sentenced. While appellant argues that equity and fairness demand that he be resentenced under the more lenient law, it is clear that the intent of

the legislature was that all offenders sentenced prior to September 30, 2011, be sentenced under the old law.

{¶28}  The second assignment of error is overruled.

{¶29}  The judgment of the Stark County Common Pleas Court is affirmed.

By: Edwards, J.

Delaney, P.J. and

Wise, J. concur

_____

_____

_____

                            JUDGES

JAE/d0319

[Cite as *State v. Shipman*, 2012-Ohio-2877.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
            Plaintiff-Appellee     :
                                       :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
JUSTIN SHIPMAN                         :
                                       :
          Defendant-Appellant     :          CASE NO. 2011CA00202


    For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed.  Costs assessed to appellant.


                               _____


                               _____


                               _____

                                           JUDGES