[Cite as *State v. Jacobs*, 2021-Ohio-1611.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                      |   | JUDGES:                      |
|----------------------|---|------------------------------|
| STATE OF OHIO        | : | Hon. Craig R. Baldwin, P.J.  |
|                      | : | Hon. W. Scott Gwin, J.       |
| Plaintiff-Appellee   | : | Hon. John W. Wise, J.        |
|                      | : |                              |
| -vs-                 | : |                              |
|                      | : | Case No. 20CA000016          |
| JOSHUA JACOBS        | : |                              |
|                      | : |                              |
| Defendant-Appellant  | : | OPINION                      |

CHARACTER OF PROCEEDING:     Criminal appeal from the Knox County Court of Common Pleas, Case No. 19CR110305

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     May 7, 2021

APPEARANCES:

For Plaintiff-Appellee

CHARLES MCCONVILLE
117 East High Street
Mount Vernon, OH 43050

For Defendant-Appellant

TODD BARSTOW
261 West Johnstown Road
Suite 204
Columbus, OH 43230

*Gwin, J.,*

{¶1}　Defendant-appellant Joshua Jacobs ["Jacobs"] appeals his conviction and sentence after a jury trial in the Knox County Court of Common Pleas.

*Facts and Procedural History*

{¶2}　On July 23, 2019 at about 7:00 a.m. Mount Vernon Police Patrolman Nicholas Myrda was dispatched on a report of a silver Subaru parked by the curb on West High Street with a door ajar and a "passed out" male inside.  Makenzie Rousch, Jacobs's girlfriend at that time, was the registered owner of the car.

{¶3}　Patrolman Myrda approached the passenger side of the vehicle on foot and discovered that there were two occupants, one in the driver's seat and one in the front passenger seat. Both were asleep. Patrolman Myrda moved to the driver's side of the car and knocked on the door pillar to wake the driver. He identified the driver as Kenneth Bolden. Bolden told the patrolman that the car had run out of gas and had some mechanical difficulties. He had fallen asleep waiting for assistance to arrive. During his interaction with Bolden, Patrolman. Myrda observed the passenger, who was not yet awake, shift his body, and in doing so, exposed a small bag of what Patrolman Myrda believed to be methamphetamine, located on the seat underneath the passenger's buttocks. Patrolman Myrda identified the passenger as Jacobs. The events were captured in real time by Patrolman Myrda's body camera. [State's Exhibit 4].

{¶4}　Once backup officers arrived, Bolden and Jacobs were removed from the vehicle. Patrolman Myrda took custody of the baggie from the passenger's seat. The contents of the bag were later tested and it was determined to be 3.87 grams of methamphetamine. On the floor in front of the passenger's seat, Patrolman Myrda

located a drawstring bag, which he searched. The bag contained, a BB gun that resembled an actual handgun and a small digital scale. The bag was located at Jacobs's feet when Jacobs was removed from the vehicle. During his interaction with Jacobs, Patrolman Myrda asked whether he carried the BB gun for protection. Jacobs responded that, "he didn't need protection from anybody." Patrolman Myrda then said, "You were carrying it in your bag," to which Jacobs responded, "So?" Patrolman Myrda took that statement as an affirmation of ownership of the bag.

{¶5} Casey Petrozino testified for the defense at trial. She testified that Bolden was her step-father. Petrozino further testified that Jacobs was dating her friend Kensey. On the evening in question, Bolden had displayed a baggie of methamphetamine at her home and in her presence. He and Jacobs then left in Kensey's car sometime around 11:00 p.m. Petrozino did not hear from either person until sometime later. Under cross-examination, Petrozino admitted that she did not know if possession of that bag had changed in the hours after the men left her house.

{¶6} The Knox County Grand Jury indicted Jacobs on November 4, 2019 on one count of Aggravated Possession of Drugs in violation of R.C. 2925.11(A), and Aggravated Trafficking in Drugs, in violation of 2925.03(A)(2), both felonies of the third degree. Immediately prior to trial, the state dismissed Count Two (Trafficking) and proceeded to trial on Count One (Possession). The jury returned a guilty verdict on the single count, finding that the weight of methamphetamine involved was 3.87 grams, which exceeds the bulk amount.

{¶7}   On September 24, 2020, the trial court conducted a sentencing hearing and imposed a sentence of 24 months imprisonment.

*Assignment of Error*

{¶8}   Jacobs raises one Assignment of Error:

{¶9}   "I. THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF AGGRAVATED POSSESSION OF DRUGS AS THAT VERDICT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

*Law and Analysis*

{¶10}   In his sole Assignment of Error, Jacobs argues that his conviction is against the manifest weight of the evidence. He further contends there is insufficient evidence to support his conviction.

**A. Standard of Appellate Review– Sufficiency of the Evidence.**

{¶11}   The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...."  This right, in conjunction with the Due Process Clause, requires that each of the material elements of a crime be proved to a jury beyond a reasonable doubt.  *Alleyne v. United States*, 570 U.S. __, 133 S.Ct. 2151, 2156, 186 L.Ed.2d 314 (2013); *Hurst v. Florida*, 136 S.Ct. 616, 621, 193 L.Ed.2d 504 (2016).  The test for the sufficiency of the evidence involves a question of law for resolution by the appellate court.  *State v. Walker*, 150 Ohio St.3d 409,

2016-Ohio-8295, 82 N.E.3d 1124, ¶30. "This naturally entails a review of the elements of the charged offense and a review of the state's evidence." *State v. Richardson*, 150 Ohio St.3d 554, 2016-Ohio-8448, 84 N.E.3d 993, ¶13.

{¶12} When reviewing the sufficiency of the evidence, an appellate court does not ask whether the evidence should be believed. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith, 80 Ohio St.3d 89, 102 at n.4, 684 N.E.2d 668 (1997*; *Walker*, at ¶30. "The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus. *State v. Poutney*, 153 Ohio St.3d 474, 2018-Ohio-22, 97 N.E.3d 478, ¶19. Thus, "on review for evidentiary sufficiency we do not second-guess the jury's credibility determinations; rather, we ask whether, 'if believed, [the evidence] would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. Murphy*, 91 Ohio St.3d 516, 543, 747 N.E.2d 765 (2001), *quoting Jenks* at paragraph two of the syllabus; *Walker* at ¶31. We will not "disturb a verdict on appeal on sufficiency grounds unless 'reasonable minds could not reach the conclusion reached by the trier-of-fact.'" *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 94, *quoting State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997); *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶74.

**1. Issue for Appeal**: *Whether, after viewing the evidence in the light most favorable to the prosecution, the evidence, if believed, would convince the average*

*mind of Jacobs's guilt on each element of the crime for which he was convicted beyond*

*a reasonable doubt.*

{¶13} Jacobs was convicted of Aggravated Possession of Drugs in violation of R.C. 2925.11(A). The statute provides, in relevant part, "(A) No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog."

{¶14} Jacobs does not dispute that the drug found inside the car was 3.87 grams of methamphetamine. Jacobs does not dispute that the amount of the drug exceeded the bulk amount but was less than five times the bulk amount. Therefore, the only dispute concerns whether Jacobs "knowingly possessed" the drug.

### 1.1 Knowingly

{¶15} R.C. 2901.22(B) sets forth the definition of how and when a person acts knowingly,

A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature.  A person has knowledge of circumstances when the person is aware that such circumstances probably exist.  When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

{¶16} Whether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the doing of the act itself."  *State v. Johnson*, 56 Ohio St.3d 35, 38,381 N.E.2d 637(1978)

*citing State v. Huffman,* 131 Ohio St. 27, 1 N.E.2d 313(1936): *State v. Rojas*, 64 Ohio St.3d 131, 139, 592 N.E.2d 1376(1992); *State v. Huff*, 145 Ohio App.3d 555, 563, 763 N.E.2d 695(1st Dist. 2001). (Footnote omitted.) Thus, "[t]he test for whether a defendant acted knowingly is a subjective one, but it is decided on objective criteria." Id. *citing State v. Adams*, 4th Dist. Ross No. 94 CA 2041, 1995 WL 360247(June 8, 1995) and *State v. Paidousis*, 10th Dist. Franklin No. 00AP–118, 2001 WL 436079 (May 1, 2001). *See also, State v. Butler*, 5th Dist. Holmes No. 2012–CA–7, 2012–Ohio–5030, ¶ 25.

### 1.2 Possession

{¶17}  R.C. 2925.01(K) defines possession as follows: " 'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2901.21 provides the requirements for criminal liability and provides that possession is a "voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for sufficient time to have ended possession." R.C. 2901.21(D)(1).

{¶18}  Possession may be actual or constructive. *State v. Butler*, 42 Ohio St.3d 174, 176, 538 N.E.2d 98(1989); *State v. Haynes*, 25 Ohio St.2d 264, 267 N.E.2d 787(1971); *State v. Hankerson*, 70 Ohio St.2d 87, 434 N.E.2d 1362(1982), syllabus. To establish constructive possession, the evidence must prove that the defendant was able to exercise dominion and control over the contraband. *State v. Wolery*, 46 Ohio St.2d 316, 332, 348 N.E.2d 351(1976). Dominion and control may be proven by circumstantial evidence alone. *State v. Trembly*, 137 Ohio App.3d 134, 738 N.E.2d 93(8th Dist. 2000).

Circumstantial evidence that the defendant was located in very close proximity to the contraband may show constructive possession. *State v. Butler, supra; State v. Barr*, 86 Ohio App.3d 227, 235, 620 N.E.2d 242, 247-248(8th Dist. 1993); *State v. Morales*, 5th Dist. Licking No. 2004 CA 68, 2005-Ohio-4714,¶ 50; *State v. Moses*, 5th Dist. Stark No. 2003CA00384, 2004-Ohio-4943,¶ 9. Ownership of the contraband need not be established in order to find constructive possession. *State v. Smith*, 9th Dist. Summit No. 20885, 2002-Ohio-3034, ¶ 13, *citing State v. Mann*, 93 Ohio App.3d 301, 308, 638 N.E.2d 585(8th Dist. 1993). Furthermore, possession may be individual or joint. *Wolery,* 46 Ohio St.2d at 332, 348 N.E.2d 351. Multiple individuals may constructively possess a particular weapon simultaneously. *State v. Pitts*, 4th Dist. Scioto No. 99 CA 2675, 2000-Ohio-1986. The Supreme Court has held that knowledge of illegal goods on one's property is sufficient to show constructive possession. *State v. Hankerson*, 70 Ohio St.2d 87, 91, 434 N.E.2d 1362, 1365(1982), *certiorari denied*, 459 U.S. 870, 103 S.Ct. 155, 74 L.Ed.2d 130(1982).

{¶19} In *Ulster County Court v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777(1979), the United States Supreme Court upheld a statute which provided that the presence in an automobile, other than a public one, of a firearm "is presumptive evidence of its possession by all persons occupying such automobile at the time except (a) where the firearm is found upon the person of an occupant, (b) where the automobile is being operated for hire by a licensed operator or (c) if the weapon is a handgun and one of the occupants, not pre-sent under duress, has a license to have a handgun." Id. at 442 U.S. 142-143, 99 S.Ct. 2217. The Court noted that the presumption was not a mandatory; rather it was a permissive inference available only in certain circumstances. Further, the jury could ignore the presumption even if there was no

affirmative proof offered in rebuttal by the accused.  Id. at 160-162, 99 S.Ct. at 2226-2227. Finally, the trial judge in *Allen* explained, "that possession could be actual or constructive, but that constructive possession could not exist without the intent and ability to exercise control or dominion over the weapons."  Id. at 161, 99 S.Ct. at 2226.

### 1.3 Application of the Law to the Facts

{¶20}  In the case at bar, the drugs were found on the passenger seat of the car underneath Jacobs's body. Testimony was presented that Bolden displayed the baggie of methamphetamines while at Casey Petrozino's home. Jacobs and Bolden then borrowed the car belonging to Jacobs's girlfriend Makenzie Rousch and left the home together sometime around 11:00 p.m. The pair are next found asleep in the car at around 7:00 a.m. when Patrolman Myrda rouses them.  Moreover, testimony at trial concerning Jacobs's behavior during the police stop reinforces the presumed fact that Jacobs's knowingly possessed the drugs. His answers to Patrolman Myrda questions are vague and evasive. Scales and a realistic looking BB handgun were located in a drawstring bag at Jacobs's feet. Testimony was presented that guns and scales are indicators of drug activity. The facts strongly suggest that Bolden was not the only person able to exercise dominion and control over the drugs. The jury could reasonably find that Jacobs jointly possessed the drugs with Bolden.

{¶21}  Viewing the evidence in the case at bar in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Jacobs had committed the crime of Aggravated Possession of Drugs. We hold, therefore, that the state met its burden of production regarding each

element of the crime of Aggravated Possession of Drugs and, accordingly, there was sufficient evidence to submit the charge to the jury and to support Jacobs's conviction.

**B. Standard of Appellate Review- Manifest Weight**

{¶22} As to the weight of the evidence, the issue is whether the jury created a manifest miscarriage of justice in resolving conflicting evidence, even though the evidence of guilt was legally sufficient. *State v. Thompkins*, 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith, 80 Ohio St.3d 89, 684 N.E.2d 668, 1997–Ohio–355*; *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001).

> "[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts.

> \* \* \*

> "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, *quoting* 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

{¶23} The reviewing court must bear in mind, however, that credibility generally is an issue for the trier of fact to resolve. *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. Murphy*, 4th Dist. Ross No. 07CA2953, 2008–Ohio–1744, ¶ 31.

Because the trier of fact sees and hears the witnesses and is particularly competent to decide whether, and to what extent, to credit the testimony of particular witnesses, the appellate court must afford substantial deference to its determinations of credibility. *Barberton v. Jenney,* 126 Ohio St.3d 5, 2010–Ohio–2420, 929 N.E.2d 1047, ¶ 20, *superseded by statute on other grounds as stated in In re Z.E.N., 4th Dist. Scioto No. 18CA3826, 2018-Ohio-2208, ¶ 27.*　In other words, "[w]hen there exists two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke*, 7th Dist. Mahoning No. 99 CA 149, 2002–Ohio–1152, at ¶ 13, *citing State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125(7th Dist. 1999).　Thus, an appellate court will leave the issues of weight and credibility of the evidence to the fact finder, as long as a rational basis exists in the record for its decision.　*State v. Picklesimer*, 4th Dist. Pickaway No. 11CA9, 2012–Ohio–1282, ¶ 24.

{¶24} Once the reviewing court finishes its examination, an appellate court may not merely substitute its view for that of the jury, but must find that "'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins, supra*, 78 Ohio St.3d at 387, *quoting State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721(1st Dist. 1983).　Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction."　Id.

**Issue for Appellate Review**: *Whether the jury clearly lost their way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.*

{¶25} In the case at bar, Jacobs was in the passenger seat of his girlfriend's car and the drugs were found underneath him. Jacobs argues that he was unaware of the drugs and that Bolden could have slipped the drugs underneath Jacobs while Jacobs was sleeping.

{¶26} The jury as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the trier of fact may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Craig*, 10th Dist. Franklin No. 99AP–739, 1999 WL 29752 (Mar 23, 2000) *citing State v. Nivens*, 10th Dist. Franklin No. 95APA09–1236, 1996 WL 284714 (May 28, 1996). Indeed, the trier of fact need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver*, 10th Dist. Franklin No. 02AP–604, 2003–Ohio–958, ¶ 21, *citing State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke*, 10th Dist. Franklin No. 02AP–1238, 2003–Ohio–2889, *citing State v. Caldwell*, 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992). Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks*, 61 Ohio St.3d 259, 272, 574 N.E.2d 492 (1991), paragraph one of the syllabus*, superseded by state constitutional amendment on other grounds as stated in State v. Smith, 80 Ohio St.3d 89, 102 at n. 4, 684 N.E.2d 668 (1997).*

{¶27} In the case at bar, the jury heard the witnesses, viewed the evidence and saw the events unfold in real time via Patrolman Myrda's body camera. Thus, a rational basis exists in the record for the jury's decision.

**{¶28}**  We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'"  *State v. Thompkins*, 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541 (1997), *quoting Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717.  The jury neither lost his way nor created a miscarriage of justice in convicting Jacobs of aggravated possession of drugs.

**{¶29}**  Based upon the foregoing and the entire record in this matter we find Jacobs's conviction for aggravated possession of drugs is not against the manifest weight of the evidence.  To the contrary, the jury appears to have fairly and impartially decided that matter.  The jury heard the witnesses, evaluated the evidence, and was convinced of Jacobs's guilt of aggravated possession of drugs.

**{¶30}**  Jacobs's sole assignment of error is overruled.

{¶31}   The judgment of the Knox County Court of Common Pleas is affirmed.

By: Gwin, J.,

Baldwin, P.J., and

Wise, John, concur