[Cite as *State v. Downs*, 2014-Ohio-589.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13-CA-77 (consolidated with |
| | : | 13-CA-76) |
| TRENT M. DOWNS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Licking County Court of
                                                          Common Pleas, Case Nos. 13 CR
                                                          00020 & 08 CR 581



JUDGMENT:                                     AFFIRMED



DATE OF JUDGMENT ENTRY:          February 11, 2014



APPEARANCES:

For Plaintiff-Appellee:                          For Defendant-Appellant:

KENNETH W. OSWALT                        SIOBHAN R. CLOVIS
LICKING COUNTY PROSECUTOR        36 N. Second St.
                                                          P.O. Box 919
PAULA M. SAWYERS                          Newark, OH 43058
20 S. Second St., 4th Floor
Newark, OH 43055

*Delaney, J.*

{¶1} Defendant-Appellant Trent M. Downs appeals his conviction and sentence for aggravated possession of drugs, in violation of R.C. 2925.11(A)(C)(1)(a), and the revocation of his community control sanctions. Plaintiff-Appellee is the State of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} On May 1, 2009, Defendant-Appellant Trent M. Downs was sentenced to five years of community control sanctions after he was convicted for improperly discharging a firearm at or into a habitation, a second degree felony in violation of R.C. 2923.161(A)(1); having weapons while under disability, a third degree felony in violation of R.C. 2923.12(A)(3); and using weapons while intoxicated, a first degree misdemeanor in violation of R.C. 2923.15(A)(1). *State of Ohio v. Trent M. Downs*, Licking County Court of Common Pleas, Case No. 08 CR 581. If Downs violated the terms of his community control sanctions, the sentencing entry stated the trial court could impose consecutive prison terms of three years each for the felonies and a concurrent jail term of six months for the misdemeanor.

{¶3} On January 11, 2013, Downs was indicted for one count of aggravated possession of methamphetamine, in violation of R.C. 2925.11(A)(C)(1)(a). The State filed a motion to revoke community control on January 22, 2013. Downs filed a motion to suppress and the trial court held a hearing on the motion on April 15, 2013. The following evidence was adduced at the hearing.

{¶4} On October 25, 2012 at approximately 8:50 p.m., Officer Blake Duncan of the Newark Police Department was on duty in the area of Glenbrook Drive off Churchill Downs in Newark, Ohio. (T. 7). Glenbrook Drive is located near the Glenbrook

Apartment complex. Seven to ten days earlier, Officer Duncan met with the management of the Glenbrook Apartment complex to discuss the drug activity in the apartment complex. (T. 14).

{¶5} Officer Duncan was driving behind a vehicle on Derby Downs. The vehicle had come from the Glenbrook Apartment complex area. (T. 8). The vehicle approached 21st Street and Officer Duncan saw the vehicle stop at the stop sign and turn southbound from Derby Downs onto 21st Street. (T. 8). As the vehicle made the turn onto 21st Street, Officer Duncan observed the driver of the vehicle engage the turn signal when he made the turn. (T. 8). The dash cam video admitted at trial showed that Downs did not activate his turn signal until he reached the intersection. Officer Duncan initiated a traffic stop of the vehicle for a turn signal violation. (T. 8). R.C. 4511.39 requires drivers to activate the turn signal at least 100 feet prior to making the turn.

{¶6} Officer Duncan stopped and approached the vehicle. The driver was Downs. Officer Duncan was familiar with Downs. (T. 16). Officer Duncan saw Downs in the Glenbrook Apartment complex before the traffic stop. (T. 9). Officer Duncan asked Downs where he had been. Downs said he had stopped at a friend's house in Glenbrook. (T. 16). Officer Duncan advised Downs of the reason for the traffic stop. (T. 9). Officer Downs did not ask to see Downs's license or registration at the time of the stop. (T. 11). Officer Duncan asked Downs for his consent for Officer Duncan to search the vehicle. Downs gave his consent to search the vehicle. (T. 9). Officer Duncan asked him to exit the vehicle and walk around to the passenger side of the vehicle. (T. 17). Officer Duncan asked Downs for his consent to check his person as

well as his pockets. Downs gave his consent to search his person. (T. 9-10). Officer Duncan did not tell Downs that he did not have to give his consent to search. (T. 16).

{¶7} Officer Duncan testified the reason for his search of the vehicle and person was because Downs came from the drug complaint area. (T. 10). Officer Duncan found a cigarette pack containing methamphetamines when he searched Downs's person. (T. 10). After Officer Duncan found the drugs, he asked Downs if he would provide a urine sample at the police station. Downs agreed and followed Officer Duncan to the police station in his own vehicle and gave a urine sample. (T. 10). Officer Duncan did not arrest Downs and Downs was released. (T. 10). Officer Duncan did not issue Downs a traffic citation for the turn signal violation.

{¶8} The trial court denied the motion to suppress by judgment entry dated May 24, 2013.

{¶9} A change of plea and sentencing hearing were held on July 26, 2013. Downs pleaded no contest to the charge of aggravated possession of methamphetamine and the trial court found Downs guilty. Downs was sentenced to a prison term of ten months, to be served concurrently to his sentence for the community control violations.

{¶10} Downs admitted his community control violations. The trial court sentenced Downs to a prison term of two years on the count of improperly discharging a firearm at or into a habitation.

{¶11} Downs now appeals from the trial court's judgments regarding the motion to suppress and revocation of community control. This case comes to us on the

accelerated calendar.  App.R. 11.1 governs accelerated-calendar cases and states in pertinent part:

> (E) Determination and judgment on appeal.
>
> The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
>
> The decision may be by judgment entry in which case it will not be published in any form.

{¶12} One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated.  *State v. Pearson*, 5th Dist. Licking No. 13-CA-59, 2013-Ohio-5690, ¶ 6 citing *Crawford v. Eastland Shopping Mall Assn.,* 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶13} This case will be decided with the above principles in mind.

### ASSIGNMENTS OF ERROR

{¶14} Downs raises two Assignments of Error:

{¶15} "I. IN VIOLATION OF MR. DOWNS' STATED [SIC] AND FEDERAL CONSTITUTIONAL RIGHTS TO BE FREE OF UNREASONABLE SEARCHES, THE TRIAL COURT ERRED IN DENYING MR. DOWN'S [SIC] MOTION TO SUPPRESS BECAUSE MR. DOWNS DID NOT GIVE VALID CONSENT TO THE SEARCH THAT LED TO THE DISCOVERY OF DRUGS IN HIS POCKET.

{¶16} "II. IN VIOLATION OF MR. DOWNS' STATED [SIC] AND FEDERAL CONSTITUTIONAL RIGHTS TO BE FREE OF WARRANTLESS SEARCH AND SEIZURE, THE TRIAL COURT ERRED IN REVOKING MR. DOWNS' COMMUNITY CONTROL AND SENTENCING HIM TO TWO YEARS IN PRISON BASED ON EVIDENCE OBTAINED FROM AN ILLEGAL SEARCH."

## ANALYSIS

### I. Motion to Suppress

{¶17} Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Long,* 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist .1998). During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks,* 75 Ohio St.3d 148, 154, 661 N.E.2d 1030 (1996). A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf,* 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist.1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams,* 86 Ohio App.3d 37, 42, 619 N.E.2d 1141 (4th Dist.1993), overruled on other grounds.

{¶18} There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. *See State v.*

*Fanning,* 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein,* 73 Ohio App.3d 486, 597 N.E.2d 1141 (4th Dist.1991). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *See Williams, supra.*

{¶19} Finally, as here, an appellant may argue the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93, 96, 620 N.E.2d 906 (8th Dist.1994).

{¶20} "It is well-settled law in Ohio that reasonable and articulable suspicion is required for a police officer to make a warrantless stop." *State v. Bay,* 5th Dist. Licking No. 06CA113, 2007–Ohio–3727, ¶ 65, citing *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). " * * * [R]easonable suspicion is not proof beyond a reasonable doubt, but is judged by all the surrounding circumstances." *State v. Boyd*, 5th Dist. Richland No. 96-CA-3, 1996 WL 608378 (Oct. 10, 1996). However, when police observe a traffic offense being committed, the initiation of a traffic stop does not violate Fourth Amendment guarantees, even if the stop was pretextual or the offense so minor that no reasonable officer would issue a citation for it. *State v. Mullins,* 5th Dist. Licking No. 2006-CA-00019, 2006 WL 2588770 (Sept. 8, 2006), ¶ 26, citing *Whren v. United States*, 517 U.S. 806, 116 S.Ct. 1769, 1774–75 (1996).

{¶21} R.C. 4511.39(A) states, "No person shall turn a vehicle or trackless trolley or move right or left upon a highway unless and until such person has exercised due

care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided. When required, a signal of intention to turn or move right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle or trackless trolley before turning, except that in the case of a person operating a bicycle, the signal shall be made not less than one time but is not required to be continuous." The evidence presented at the motion to suppress hearing established Downs did not utilize his turn signal until he had reached the intersection. Pursuant to *Whren*, the initiation of the traffic stop was proper.

{¶22} Downs next argues he did not give valid consent for a search of his car and person. It is undisputed that a person waives his Fourth Amendment protection by consenting to a warrantless search. *State v. Barnes*, 25 Ohio St.3d 203, 208, 495 N.E.2d 922, 926 (1986) citing *Davis v. United States*, 328 U.S. 582, 66 S.Ct. 1256, 90 L.Ed. 1453 (1946), *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), *State v. Pi Kappa Alpha Fraternity*, 23 Ohio St.3d 141, 491 N.E.2d 1129 (1986). The question of whether consent to search was voluntary or the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of the circumstances. *Schneckcloth v. Bustamonte,* 412 U.S. 218, 227, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The standard for measuring the scope of consent is objective reasonableness, i.e., what a reasonable person would have understood by the exchange between the officer and the suspect. *Florida v. Jimeno,* 500 U.S.248, 251, 111 S.Ct. 1801, 114 L.E.2d 297 (1991).

{¶23} At the hearing, Officer Duncan testified as to the circumstances under which Downs consented to the officer's search of Downs's car and person. While Downs was in the vehicle, Officer Duncan asked Downs for his consent to search the vehicle. Downs gave his consent to search the vehicle. (T. 9). Officer Duncan asked him to exit the vehicle and walk around to the passenger side of the vehicle. (T. 17). Officer Duncan asked Downs for his consent to check his person as well as his pockets. Downs gave his consent to search his person. (T. 9-10). Officer Duncan did not tell Downs that he did not have to give his consent to search. (T. 16). Officer Duncan found a cigarette pack containing methamphetamines when he searched Downs's person. (T. 10).

{¶24} When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate the credibility of witnesses. *See State v. Dunlap,* 73 Ohio St.3d 308, 314, 1995-Ohio-243, 652 N.E.2d 988; *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). The trial court relied on *State v. Fowler*, 10th Dist. Franklin No. 10AP-658, 2011-Ohio-3156, to find that Downs consented to the search while he was lawfully detained during a traffic stop for violation of R.C. 4511.39. The trial court next found the undisputed evidence showed that Downs gave Officer Duncan consent to search both the vehicle and his person. Considering the totality of the circumstances, we agree with the trial court's determination that the evidence showed Downs's consent to the search was freely and voluntarily given.

{¶25} The first Assignment of Error is overruled.

### *II. Revocation of Community Control Sanctions*

{¶26} Downs argues in his second Assignment of Error that the trial court erred in revoking Downs's community control and sentencing him to two years in prison. Downs's argument is based on his first Assignment of Error that the motion to suppress should have been granted based on the illegal search of Downs's car and person.

{¶27} Based on our resolution of the first Assignment of Error, we disagree with Downs's second Assignment of Error. The second Assignment of Error is overruled.

### CONCLUSION

{¶28} The first and second Assignments of Error of Defendant-Appellant Trent M. Downs are overruled.

{¶29} The judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.