[Cite as *State v. Howell*, 2021-Ohio-1417.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. Craig R. Baldwin, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2020 CA 0062 |
| LAMAR HOWELL | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:  Criminal appeal from the Richland County
                Court of Common Pleas, Case No. 2019-
                CR-0801

JUDGMENT:          Affirmed

DATE OF JUDGMENT ENTRY:   April 22, 2021

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

GARY BISHOP          GLORIA L. SMITH
Prosecuting Attorney        670 Meridian Way, #188
BY: JOSEPH SNYDER       Westerville, OH 43082
Assistant Prosecutor
38 South Park Street
Mansfield, OH 44902

*Gwin, J.,*

{¶1} Defendant-appellant Lamar BN Howell ["Howell"] appeals from the April 13, 2020 Judgment Entry of the Richland County Court of Common Pleas that denied his motion to suppress.

*Facts and Procedural History*

{¶2} On November 25, 2019 Howell was indicted for Count One: Aggravated Possession of Drugs, in violation of R.C. 2925.11(A)&(C)(1)(c), a felony of the second degree, with a Forfeiture Specification, in violation of R.C. 2941.1417; Count Two: Having Weapons While Under Disability, in violation of R.C. 2923.13(A)(3)&(B), a felony of the third degree, with a Forfeiture Specification, in violation of R.C. 2941.1417, and Count Three: Possession of a Fentanyl-Related Compound, a violation of R.C. 2925.11(A)&(C)(11)(a), a felony of the fifth degree.

{¶3} On February 11, 2020, Howell filed a motion to suppress all evidence seized from Howell's person incident to his arrest, arguing that there was a lack of probable cause for the arrest. The following evidence was presented during the evidentiary hearing on Howell's motion to suppress held in the trial court on April 1, 2020.

{¶4} Howell's 13 year-old son came to Mansfield from his mother's home in Columbus sometime in October 2019. Supp. T. at 28-29.[1] He brought a handgun with him in his backpack that had been given to him by a friend. Supp. T. 30. Howell picked up his son in Columbus and drove him to his home in Mansfield. Id. Howell's son did not tell Howell about the gun. Id. at 32.

---

[1] For clarity the transcript of the April 1, 2020 hearing on Howell's motion to suppress will be referred to a "Supp.T."

{¶5} Howell's son made a video at Howell's residence that showed the boy with the handgun. Supp. T. at 32. This video was posted on the internet where some of the boy's classmates watched it. Id. Sometime on September 26, 2019, Howell was called to his son's school concerning the video. Supp. T. at 7. The school resource officer, Officer Brewster, contacted Detective Dave Scheurer to meet Howell at Howell's residence. Supp. T. at 7.

{¶6} At the residence Howell executed a written consent to search form provided to him by the officers. Supp. T. at 8; State's Exhibit 1. Howell then told Detective Scheurer that he could show him where the gun was hidden. Id. at 9. Howell then led the officers around the house purporting to look for the handgun. Id. at 10. After approximately thirty minutes, Detective Scheurer believed that Howell was being evasive. Id. Detective Scheurer contacted Howell's parole officer for assistance. Id. at 10-11. Eventually, Detective Scheurer found a box for the handgun in a dresser in the living room area. Id. at 12. Howell told Detective Scheurer that Howell's ex-girlfriend owned the handgun and had left the box at his residence. Id.

{¶7} Detective Scheurer called the school resource officer to see if Howell's son knew the whereabouts of the handgun. Detective Scheurer was informed that the boy had stated the gun was in the attic in a pink milk crate. Supp. T. at 11. Finding no pink milk crate in the attic, Detective Scheurer eventually located the handgun in a laundry basket underneath some clothing. Id. He then arrested Howell for having a weapon while under disability. During the search incident to arrest the drugs in question were found in Howell's pocket. Supp. T. at 13.

{¶8} The trial court overruled Howell's motion to suppress by Judgment Entry filed April 13, 2020.

{¶9} On August 28, 2020, Howell entered a plea of No Contest plea to Count One: Aggravated Possession of Drugs, a felony of the second degree, with forfeiture specification, and to Count Three: Possession of a Fentanyl-Related Compound, a felony of the fifth degree. The state dismissed Count Two: Having Weapons under Disability.

{¶10} On Count One, Howell was sentenced to 4 to 6 years mandatory time in prison, and on Count Three Howell was sentenced to 12 months in prison, sentences to be served concurrent to each other, with 3 years mandatory post-release control.

*Assignments of Error*

{¶11} Howell raises two Assignments of Error:

{¶12} "I. THE TRIAL COURT ERRED WHEN IT CONCLUDED THAT THERE WAS PROBABLE CAUSE TO ARREST APPELLANT FOR HAVING A WEAPON UNDER DISABILITY.

{¶13} "II. THE TRIAL COURT'S FINDINGS OF FACT WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I & II.

{¶14} In his First Assignment of Error, Howell maintains his awareness of the handgun arose because he saw his son's video at the school with the resource officer, and therefore, the officers did not have sufficient probable cause to arrest him for having unlawful possession of the gun. In his Second Assignment of Error, Howell contends the state failed to present the testimony of the school resource officer, and without this

testimony, the state did not meets its burden that there was probable cause to arrest Howell for possessing an unlawful weapon.

**Standard of Appellate Review – Motion to Suppress**

{¶15}  Appellate review of a motion to suppress presents a mixed question of law and fact.  *State v. Burnside*, 100 Ohio St.3d 152, 154-155, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. *See, State v. Dunlap*, 73 Ohio St.3d 308, 314, 652 N.E.2d 988 (1995); *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. *See Burnside, supra; Dunlap, supra; State v. Long,* 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist. 1998); *State v. Medcalf*, 111 Ohio App.3d 142, 675 N.E.2d 1268 (4th Dist. 1996). However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. *See Burnside, supra, citing State v. McNamara*, 124 Ohio App.3d 706, 707 N.E.2d 539 (4th Dist. 1997); *See, generally, United States v. Arvizu*, 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002); *Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). That is, the application of the law to the trial court's findings of fact is subject to a de novo standard of review *Ornelas, supra*. Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers."  *Ornelas, supra* at 698, 116 S.Ct. at 1663.

**Issue for Appellate Review:** *Whether there was sufficient evidence to establish that the officers had probable cause to arrest Howell for Having Weapons While under Disability.*

{¶16} R.C. 2923.13 Having Weapons While under Disability provides in relevant part,

(A) Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordinance, if any of the following apply:

* * *

(2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.

{¶17} In the case at bar, the defense stipulated that Howell was under disability at the time the officers searched his home. Supp. T. at 13. Therefore the only issue is whether the officers had probable cause to believe that Howell had knowledge that the handgun was in his home. "Whether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the doing of the act itself." *State v. Huff*, 145 Ohio App.3d 555, 563, 763 N.E.2d 695 (1st Dist. 2001) (Footnote omitted.) Thus, "[t]he test for whether a defendant acted knowingly is a subjective one, but it is decided on objective criteria." *State v. McDaniel,* 2nd Dist. Montgomery No. 16221, 1998 WL 214606 (May 1, 1998), *citing State v. Elliott*, 104 Ohio App.3d 812, 663 N.E.2d 412 (10th Dist. 1995).

{¶18}  The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Because arrests are "seizures" of "persons," they must be reasonable under the circumstances. *See, Payton v. New York,* 445 U.S. 573, 585, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). A warrantless arrest is reasonable if the officer has probable cause to believe that the suspect committed a crime in the officer's presence. *Atwater v. Lago Vista*, 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001). In *District of Columbia v. Wesby,* the United States Supreme Court defined the standard as follows,

> To determine whether an officer had probable cause for an arrest, "we examine the events leading up to the arrest, and then decide 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause.'" *Maryland v. Pringle*, 540 U.S. 366, 371, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003) (*quoting Ornelas v. United States,* 517 U.S. 690, 696, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996)). Because probable cause "deals with probabilities and depends on the totality of the circumstances," 540 U.S., at 371, 124 S.Ct. 795, it is "a fluid concept" that is "not readily, or even usefully, reduced to a neat set of legal rules," *Illinois v. Gates*, 462 U.S. 213, 232, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). It "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." Id., at 243–244, n. 13, 103 S.Ct. 2317 (1983). Probable cause "is not a high bar." *Kaley v. United States,* 571 U.S. ——, ——, 134 S.Ct. 1090, 1103, 188 L.Ed.2d 46 (2014).
___U.S.___, 138 S.Ct. 577, 586, 199 L.Ed.2d 453(2018).

{¶19} "When the constitutional validity of an arrest is challenged, it is the function of a court to determine whether the facts available to the officers at the moment of the arrest would 'warrant a man of reasonable caution in the belief' that an offense has been committed". *Beck v. Ohio,* 379 U.S. 89, 96, 85 S.Ct. 223, 13 L.Ed.2d 142(1964), *citing Carroll v. United States*, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543. *Accord, State v. Elmore,* 111 Ohio St.3d 515, 2006-Ohio-6207, 857 N.E.2d 547, ¶ 39. In *State v. Perez,* the Ohio Supreme Court added,

> "Probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction." *Adams v. Williams* (1972), 407 U.S. 143, 149, 92 S.Ct. 1921, 32 L.Ed.2d 612. Rather, probable cause is a "practical, nontechnical conception," *Brinegar v. United States* (1949), 338 U.S. 160, 176, 69 S.Ct. 1302, 93 L.Ed. 1879, that "turn[s] on *the assessment of probabilities in particular factual contexts." Illinois v. Gates* (1983), 462 U.S. 213, 232, 103 S.Ct. 2317, 76 L.Ed.2d 527.

124 Ohio St.3d 122, 2009-Ohio-6169, 920 N.E.2d 104, ¶73 (emphasis in original).

{¶20} R.C. 2925.01(K) defines possession as follows: "'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2901.21 provides the requirements for criminal liability and provides that possession is a "voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's

control of the thing possessed for sufficient time to have ended possession." R.C. 2901.21(D)(1).

{¶21} Possession may be actual or constructive. *State v. Butler*, 42 Ohio St.3d 174, 176, 538 N.E.2d 98(1989); *State v. Haynes*, 25 Ohio St.2d 264, 267 N.E.2d 787(1971); *State v. Hankerson*, 70 Ohio St.2d 87, 434 N.E.2d 1362(1982), syllabus. To establish constructive possession, the evidence must prove that the defendant was able to exercise dominion and control over the contraband. *State v. Wolery*, 46 Ohio St.2d 316, 332, 348 N.E.2d 351(1976). Dominion and control may be proven by circumstantial evidence alone. *State v. Trembly*, 137 Ohio App.3d 134, 738 N.E.2d 93(8th Dist. 2000). Circumstantial evidence that the defendant was located in very close proximity to the contraband may show constructive possession. *State v. Butler, supra; State v. Barr*, 86 Ohio App.3d 227, 235, 620 N.E.2d 242, 247-248(8th Dist. 1993); *State v. Morales*, 5th Dist. Licking No. 2004 CA 68, 2005-Ohio-4714,¶ 50; *State v. Moses*, 5th Dist. Stark No. 2003CA00384, 2004-Ohio-4943,¶ 9. Ownership of the contraband need not be established in order to find constructive possession. *State v. Smith*, 9th Dist. Summit No. 20885, 2002-Ohio-3034, ¶ 13, *citing State v. Mann*, 93 Ohio App.3d 301, 308, 638 N.E.2d 585(8th Dist. 1993). Furthermore, possession may be individual or joint. *Wolery,* 46 Ohio St.2d at 332, 348 N.E.2d 351. Multiple individuals may constructively possess a particular weapon simultaneously. *State v. Pitts*, 4th Dist. Scioto No. 99 CA 2675, 2000-Ohio-1986. The Supreme Court has held that knowledge of illegal goods on one's property is sufficient to show constructive possession. *State v. Hankerson,* 70 Ohio St.2d 87, 91, 434 N.E.2d 1362, 1365(1982), *certiorari denied*, 459 U.S. 870, 103 S.Ct. 155, 74 L.Ed.2d 130(1982).

{¶22} In the case at bar, Howell's son posted a video from Howell's home in which the son displayed a handgun. Howell told Detective Scheurer that he could show him where the gun was hidden. Supp. T. at 9. Howell claimed he forgot where he put the gun as he led the officers around the home purporting to retrieve the weapon. Howell claimed he did not know about the handgun until he viewed the online video made by his son; however upon, finding a box belonging to the handgun in the living room Howell claimed the handgun belonged to his girlfriend, suggesting that Howell was aware of the handgun's presence. Howell's misleading and evasive behavior gave the officers reason to discredit everything he had told them. For example, the officers could infer from Howell's leading them around the home indicating his inability to remember where he had put the handgun that Howell was lying and that his lies suggested a guilty mind. Upon finding the box belonging to the handgun in the living room and Howell's contention that the handgun was his ex-girlfriends the officers could infer that Howell was aware a handgun was in the home.

{¶23} "Probable cause" is a lesser standard of proof than a "beyond reasonable doubt" standard. "An officer is not required to determine whether someone who has been observed committing a crime might have a legal defense to the charge." *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4538, 894 N.E.2d 1204, ¶ 17. The question of whether a defendant might have a possible defense to a charge is irrelevant in our analysis of whether an officer has probable cause to initiate an arrest. Id.

{¶24} During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility." *State v. Downs*, 5th Dist. Licking Nos. 13-CA-77, 13-CA-76, 2014-Ohio-589,

1117, *citing State v. Brooks*, 75 Ohio St.3d 148, 154, 661 N.E.2d 1030 (1996). The Ohio Rules of Evidence give a trial judge broad discretion concerning the admissibility of evidence presented at a suppression hearing. *State v. Edwards*, 5th Dist. Tuscarawas No. 2003 AP 09 0077, 2004-Ohio-870, 2004 WL 362209, ¶ 18. However, at a suppression hearing, a trial court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial. *See Maumee v. Weisner*, 87 Ohio St.3d 295, 298, 720 N.E.2d 507(1999), *quoting United States v. Raddatz*, 447 U.S. 667, 679, 100 S.Ct. 2406, 65 L.Ed.2d 424. (1980).

{¶25} Viewing the circumstances as a whole, a reasonable officer would conclude that there was probable cause to believe Howell knew that there was a gun in his house. The trial judge neither lost his way nor created a miscarriage of justice in finding that the officers had probable cause to arrest Howell. Based upon the totality of the circumstances, the arrest of Howell for Having Weapons While Under Disability was supported by probable cause.

{¶26}  Howell's First and Second Assignments of Error are overruled.

{¶27}  The judgment of the Richland County Court of Common Pleas is affirmed.


By Gwin, J.,

Baldwin, P.J., and

Hoffman, J., concur