[Cite as *State v. Davis*, 2021-Ohio-1802.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2020 CA 00037 |
| JAMES A. DAVIS | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Fairfield Municipal
                              Court, Case No. 20-TRC-03174

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       May 26, 2021

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MITCHELL R. HARDEN                        ANDREW SANDERSON
Assistant City Prosecutor                 Burkett & Sanderson, Inc.
136 W. Main Street                        536 Suth High Street
Lancaster, OH 43130                       Columbus, OH 43215

*Gwin, P.J.*

{¶1} Defendant-appellant James A. Davis ["Davis"] appeals from the October 14, 2020 Judgment Entry of the Fairfield County Municipal Court overruling his motion to suppress.

*Facts and Procedural History*

{¶2} On May 28, 2020, around 2:23 a.m., Lancaster Police Officer Marla Morehouse stopped a vehicle that was being driven by Davis for running a red light at W. Main and Columbus Streets in the City of Lancaster, Fairfield County, Ohio.

{¶3} Officer Morehouse testified that Davis had bloodshot and glassy eyes, and slurred speech. Davis admitted previously drinking two beers at JD Henderson's Bar, one beer at Berne Station, and one and on-half beers at home. Davis rated his own impairment a "3" on a scale of 1 to 10.

{¶4} Officer Morehouse had Davis perform the standardized field sobriety tests. [FST]. Davis displayed six clues on the Horizontal Gaze Nystagmus [HGN] test, four clues during the walk and turn test, [WAT] and zero clues during the one-legged stand test [OLS]. Admitted at the hearing on Davis's motion to suppress was a video recording of the encounter between Davis and the investigating officer taken by the officer's body camera. [State's Exhibit A].

{¶5} Due to Davis's performance during the FST, his driving, and his multiple indicators of impairment, Officer Morehouse believed that Davis was impaired by alcohol. Davis was arrested and charged with two counts of OVI in violation of R.C.

4511.19(A)(1)(a) and R.C. 4511.19(A)(1)(d) and one count of failing to stop at a red traffic light in violation of R.C. 4511.13. Davis's BAC test registered .115.[1]

{¶6} On August 13, 2020, Davis filed a motion to suppress evidence, arguing that the officer did not have probable cause to arrest him for OVI. The trial court denied Davis's motion. Davis entered a No Contest plea to each charge on December 10, 2020. The trial court found Davis guilty of all charges.

*Assignment of Error*

{¶7} Davis raises one Assignment of Error,

{¶8} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE."

**STANDARD OF APPELLATE REVIEW – MOTION TO SUPRESS**

{¶9} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 154-155, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. *See, State v. Dunlap*, 73 Ohio St.3d 308, 314, 652 N.E.2d 988 (1995); *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. *See Burnside, supra; Dunlap, supra; State v. Long,* 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist. 1998); *State v. Medcalf*, 111 Ohio App.3d 142, 675 N.E.2d 1268 (4th Dist. 1996). However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal

---

[1] Davis mistakenly refers to the test in this case as a "urine" test. Appellant's brief at 7.

standard. *See Burnside, supra, citing State v. McNamara*, 124 Ohio App.3d 706, 707 N.E.2d 539 (4th Dist. 1997); *See, generally, United States v. Arvizu*, 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002); *Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). That is, the application of the law to the trial court's findings of fact is subject to a de novo standard of review *Ornelas, supra*. Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas, supra* at 698, 116 S.Ct. at 1663.

### Law and Analysis

{¶10} In his sole Assignment of Error Davis contends that the trial court erred by denying his motion to suppress and in finding that the officer had a probable cause to arrest him for OVI.

**ISSUE FOR APPELLATE REVIEW:** *Whether there was sufficient evidence to establish that the officer had probable cause to arrest Davis for OVI.*

{¶11} The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Because arrests are "seizures" of "persons," they must be reasonable under the circumstances*. See, Payton v. New York,* 445 U.S. 573, 585, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). A warrantless arrest is reasonable if the officer has probable cause to believe that the suspect committed a crime in the officer's presence. *Atwater v. Lago Vista*, 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001). In *District of Columbia v. Wesby,* the United States Supreme Court defined the standard as follows,

> To determine whether an officer had probable cause for an arrest,
> "we examine the events leading up to the arrest, and then decide 'whether

these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to' probable cause." *Maryland v. Pringle*, 540 U.S. 366, 371, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003) (*quoting Ornelas v. United States,* 517 U.S. 690, 696, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996)). Because probable cause "deals with probabilities and depends on the totality of the circumstances," 540 U.S., at 371, 124 S.Ct. 795, it is "a fluid concept" that is "not readily, or even usefully, reduced to a neat set of legal rules," *Illinois v. Gates*, 462 U.S. 213, 232, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). It "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." Id., at 243–244, n. 13, 103 S.Ct. 2317 (1983). Probable cause "is not a high bar." *Kaley v. United States,* 571 U.S. ——, ——, 134 S.Ct. 1090, 1103, 188 L.Ed.2d 46 (2014). ___U.S.___, 138 S.Ct. 577, 586, 199 L.Ed.2d 453(2018).

{¶12} The Ohio Supreme Court has adopted a similar standard. In *State v. Perez,* the Ohio Supreme Court noted,

"Probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction." *Adams v. Williams* (1972), 407 U.S. 143, 149, 92 S.Ct. 1921, 32 L.Ed.2d 612. Rather, probable cause is a "practical, nontechnical conception," *Brinega*r *v. United States* (1949), 338 U.S. 160, 176, 69 S.Ct. 1302, 93 L.Ed. 1879, that "turn[s] on *the assessment of probabilities in particular factual contexts." Illinois* v. Gates (1983), 462 U.S. 213, 232, 103 S.Ct. 2317, 76 L.Ed.2d 527.

124 Ohio St.3d 122, 2009-Ohio-6169, 920 N.E.2d 104, ¶73 (emphasis in original).

{¶13} "Probable cause" is a lesser standard of proof than a "beyond reasonable doubt" standard. "An officer is not required to determine whether someone who has been observed committing a crime might have a legal defense to the charge." *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4538, 894 N.E.2d 1204, ¶ 17. The question of whether a defendant might have a possible defense to a charge is irrelevant in our analysis of whether an officer has probable cause to initiate an arrest. Id.

{¶14} In the case at bar, Davis stipulated that he was not challenging the stop or the expansion of the stop into an OVI investigation. Davis further stipulated that Officer Morehouse is trained in the administration of field sobriety tests, that she is experienced in the administration of field sobriety tests, and that the field sobriety tests in this particular case were performed in substantial compliance with the standards promulgated by the National Highway Transportation Safety Administration and consistent with the officer's training.

{¶15} However, Davis argues that the trial court failed to consider that he operated his vehicle within the marked lanes of travel, that Davis used his turn signal properly when pulling over at the officer's indication, that Davis parked his car properly at the time of the initial traffic stop, and that testimony and evidence presented demonstrated that Davis performed the OLS test without exhibiting a single clue that would lead an officer to suspect Davis would test over the legal limit.

{¶16} Probable cause to arrest for OVI need not arise solely from a suspect's field sobriety tests. *State v. Homan*, 89 Ohio St.3d at 427, 732 N.E.2d 952 (2000), *superseded by statute on other grounds as recognized in State v. Boczar, 113 Ohio*

*St.3d 148, 2007-Ohio-1251, 863 N.E.2d 155.* The existence of probable cause is determined by examination of the "'totality' of facts and circumstances within an officer's knowledge." *State v. Miller*, 117 Ohio App.3d 750, 761, 691 N.E.2d 703 (1997). "The totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered or where * * * the test results must be excluded for lack of [substantial] compliance." *Homan,* 89 Ohio St.3d at 427, 732 N.E.2d 952. Furthermore, a police officer does not have to observe poor driving performance in order to effect an arrest for driving under the influence of alcohol if all the facts and circumstances lead to the conclusion that the driver was impaired. *See State v. Harrop*, 5th Dist. Muskingum No. CT2000–0026, 2001 WL 815538 (July 2, 2001), *citing Atwell v. State,* 35 Ohio App.2d 221, 301 N.E.2d 709 (8th Dist. 1973).

{¶17} In the case at bar, upon stopping Davis's vehicle the officer observed that Davis's eyes were red and glassy, and his speech was slurred. Davis admitted to consuming four and one-half beers. Additionally, there is nothing in the record suggesting the trial court did not consider the officer's testimony regarding Davis's contentions. Davis does not dispute that he ran a solid red light giving the officer grounds to effectuate the traffic stop in this case.

{¶18} During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility." *State v. Downs*, 5th Dist. Licking Nos. 13-CA-77, 13-CA-76, 2014-Ohio-589, 1117, *citing State v. Brooks*, 75 Ohio St.3d 148, 154, 661 N.E.2d 1030 (1996). The Ohio Rules of Evidence give a trial judge broad discretion concerning the admissibility of evidence presented at a suppression hearing. *State v. Edwards*, 5th Dist. Tuscarawas

No. 2003 AP 09 0077, 2004-Ohio-870, 2004 WL 362209, ¶ 18. However, at a suppression hearing, a trial court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial. *See Maumee v. Weisner*, 87 Ohio St.3d 295, 298, 720 N.E.2d 507(1999), *quoting United States v. Raddatz*, 447 U.S. 667, 679, 100 S.Ct. 2406, 65 L.Ed.2d 424. (1980).

{¶19} The trial court implicitly found the officer's testimony credible. Based on Officer Morehouse's observations during the HGN and WAT field sobriety tests, the admission by Davis that he had consumed four and one-half beers, and the officer's observations about Davis's glassy, blood shot eyes and slurred speech, we think that a prudent person would have believed that Davis was driving under the influence of alcohol. Therefore, the officer had probable cause to arrest Davis.

{¶20} We find that the totality of the facts and circumstances supported a finding of probable cause to arrest. The trial judge neither lost his way nor created a miscarriage of justice in finding that the officer had probable cause to arrest Davis. Therefore, the trial court correctly denied Davis's motion to suppress.

{¶21}   Davis's sole Assignment of Error is overruled.

{¶22}   The judgment of the Fairfield Municipal Court is affirmed.


By Gwin, P.J.,

Wise, John, J., and

Wise, Earle, J., concur